1 | BUCHALTER NEMER
A Professional Corporation
2 |    DANIEL H. SLATE (SBN: 78173)
1000 Wilshire Boulevard, Suite 1500
3 | Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
4 | Facsimile: (213) 896-0400
Email: dslate@buchalter.com
5 | Email: cchiang@buchalter.com

6
7 | Attorneys for JPMORGAN CHASE BANK, N.A.,
as acquirer of certain assets and liabilities of
WASHINGTON MUTUAL BANK from the
8 | FEDERAL DEPOSIT INSURANCE CORPORATION
acting as receiver

9

10

11 | **UNITED STATES BANKRUPTCY COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **SANTA ANA DIVISION**

14

| | In re | Case No. 8:09-bk-16836 RK |
|---|---|---|
| 15 | | |
| 16 | | Chapter 11 |
| 17 | MAMMOTH SAN JUAN CAPISTRANO I, LLC, a California limited liability company | **NOTICE OF NON-CONSENT TO USE OF CASH COLLATERAL BY SECURED CREDITOR** |
| 18 | | |
| 19 |      Debtor. | |
| 20 | | |
| 21 | | |
| 22 | | |

23 | **TO THE HONORABLE ROBERT KWAN, THE DEBTOR, THE UNITED STATES**

24 | **TRUSTEE AND ALL INTERESTED PARTIES, PLEASE TAKE NOTICE:**

25 |     JPMORGAN CHASE BANK, N.A., as acquirer of certain assets and liabilities of

26 | Washington Mutual Bank from the Federal Deposit Insurance Corporation, acting as receiver

27 | ("Secured Creditor") is a secured creditor in the above captioned bankruptcy estate.

28

BN 3992407v1          1

NOTICE THAT SECURED CREDITOR DOES NOT CONSENT TO THE USE OF CASH COLLATERAL

1    On or about December 13, 2006, Mammoth San Juan Capistrano I LLC ("Borrower"), as

2    borrower, made, executed and delivered to Washington Mutual Bank, Secured Creditor's

3    predecessor in interest ("Original Lender"), as lender, two Promissory Notes (collectively, the

4    "Notes") in the aggregate principal sum of $23,500,000.00.  The Notes fully matured on their

5    terms on January 1, 2009.

6    Each of the Notes is secured by a separate Deeds of Trust, Security Agreement,

7    Assignment of Rents, and Fixture Filing dated March 8, 2007 (collectively, the "Deeds of Trust").

8    The Deeds of Trust were each recorded with the appropriate recorder's office on or about

9    December 15, 2006.  Under one of the Deeds of Trust, the Borrower granted a lien on the real

10   property and improvements commonly known as 29122 Rancho Viejo Road, San Juan Capistrano

11   to secured repayment of one of the Notes.  Under the other of the Deeds of Trust, the Borrower

12   granted a lien on the real property and improvements commonly known as 29222 Rancho Viejo

13   Road, San Juan Capistrano to secured repayment of the other of the Notes.  Those two real

14   properties and improvements are referred to collectively as the "Property."

15   Under the Deeds of Trust, the Borrower absolutely and unconditionally assigned to the

16   Original Lender all of the Borrower's right, title and interest now existing and hereafter arising in

17   and to the "leases, subleases, concessions, licenses, franchises, occupancy agreements, tenancies,

18   subtenancies and other agreements, either oral or written."  Additionally, the Borrower gave the

19   Original Lender the right to collect "all the income, rents, issues, profits, royalties and proceeds

20   from the Leases and any business conducted on the Property and any and all prepaid rent and

21   security deposits thereunder (collectively, the "Rents").  The term "Rents" includes, but is not

22   limited to all minimum rents, additional rents, percentage rents, deficiency rents, common area

23   maintenance charges, lease termination payments, purchase option payments, refunds of any type,

24   prepayment of rents, settlements of litigation, settlements of past due rents, and liquidated

25   damages following default . . ."

26   Secured Creditor acquired from the Federal Deposit Insurance Corporation as receiver, the

27   interest of the Original Lender in and to the Notes, and the Deeds of Trust.

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 3992407v1                                   2

1    The Notes were not paid at maturity, and on or about February 9, 2009, Secured Creditor

2  issues a "Matured Loan Notice" to the Borrower with respect to each of the Notes.  On or about

3  June 4, 2009, Secured Creditor also sent written demands for the rents to tenants of the Property

4  under California Civil Code section 2938.  Further, on or about March 23, 2009, Secured Creditor

5  filed a complaint in the Orange County Superior Court (the "State Court") seeking, among other

6  things, judicial foreclosure with respect to the Deeds of Trust and a receiver.  The Borrower

7  commenced this bankruptcy case within a few hours after the judge in the State Court issued a

8  ruling appointing a receiver with respect to the Property.

9    All such rents, issues, and profits, collected pre-petition or to be collected post-petition,

10  constitute Secured Creditor's cash collateral under Section 363(a) of the Bankruptcy Code.

11  Pursuant to Section 363(c)(2)(A), Secured Creditor does not consent to the use of its cash

12  collateral.

13  DATED: July 17, 2009                           BUCHALTER NEMER
                                                    A Professional Corporation

14

15

16                                                  By:_____/s/ Daniel H. Slate_____
                                                            DANIEL H. SLATE
17                                                        Attorneys for Secured Creditor

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| In re: MAMMOTH SAN JUAN CAPISTRANO I, LLC | CHAPTER: 11 |
| Debtor(s). | CASE NUMBER. 8:09-bk-16836 RK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1000 Wilshire Blvd., Suite 1500, Los Angeles, CA  90017.

The foregoing document described as **NOTICE OF NON-CONSENT TO USE OF CASH COLLATERAL BY SECURED CREDITOR** will be served or was served in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 17, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On July 17, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the **United States Mail** and/or with an overnight mail service addressed as follows:

Debtor
Mammoth San Juan Capistrano I LLC
29222 Rancho Viejo Rd Ste 203
San Juan Capistrano, CA 92675

Attorneys for Debtor
Thomas Corcovelos
Corcovelos Law Group
1001 Sixth St Ste 150
Manhattan Beach, CA 90266

U.S. Trustee
United States Trustee (SA)
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-4593

Honorable Robert Kwan
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**III.  SERVED BY FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

☐                                   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/17/09 | SANDRA I. ALARCON | /S/ SANDRA I. ALARCON |
|---|---|---|
| Date | Type Name | Signature |